**Opinion filed February 10, 2022**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-22-00014-CR**

_____

**EDDIE DALE UNDERWOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 6880**

## M E M O R A N D U M   O P I N I O N

Eddie Dale Underwood, pro se, has filed what he calls a "premature" notice of appeal that relates to a 1992 nunc pro tunc judgment adjudicating him guilty of the offense of burglary of a building. Appellant asserts that the nunc pro tunc judgment is "invalid" because he was not returned to the trial court to be present for sentencing based upon the nunc pro tunc judgment and that, until he is sentenced in open court, his appeal is premature. In conjunction with this appeal, Appellant has also filed a motion to abate the appeal so that he can be present for resentencing.

When the appeal was docketed in this court, we notified Appellant that the notice of appeal appeared to be untimely and that it did not appear that this court had jurisdiction in this matter. We requested that Appellant file a response showing grounds to continue this appeal.

Appellant filed a response but has not shown grounds upon which this appeal may be continued. Appellant asserts that this court has jurisdiction based upon his "premature" notice of appeal. *See* TEX. R. APP. P. 27.1. We disagree. Appellant's notice of appeal was not premature; it was more than twenty-nine years late. *See* TEX. R. APP. P. 26.2. Both the judgment and the nunc pro tunc judgment indicate that Appellant's sentence was pronounced in his presence in open court on October 1, 1992. Moreover, the nunc pro tunc judgment did not "modify" Appellant's sentence. Accordingly, we hold that this court has no jurisdiction to entertain this untimely appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

We deny Appellant's motion to abate this appeal, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

February 10, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.